

**Vyacheslav Kashuk**
ATTORNEY AT LAW

192 PEMBROKE ST.  |  BROOKLYN, NY 11235
**T  347.731.8114**
E  slavakashukesq@outlook.com

August 4, 2026

**VIA ECF**

Honorable Orelia E. Merchant
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>Andreyeva v. NK Progress, et al.</u>, No. 1:26-cv-00541-OEM-VMS

Your Honor:

I represent defendants NK Progress Inc. ("NKPI"), Nata's Kids Inc. ("NKI"), and Natalya Kashuk (collectively, "Defendants") in the above-referenced matter. Pursuant to Section III.B of Your Honor's Individual Practice Rules, Defendants respectfully request a pre-motion conference concerning their anticipated motion under the Federal Arbitration Act ("FAA"), *9 U.S.C. §§ 3–4*, to compel arbitration and to stay this action, as well as to stay the Defendants' time to Answer the Complaint pending resolution of the foregoing application. The motion arises from two employment agreements (the "Agreements") Plaintiff Anastasia Andreyeva executed with the corporate defendants, each requiring binding arbitration. The Agreements are attached hereto as **Exhibit A & B**, respectively. The relevant background and legal grounds follow.

**<u>Relevant Background and Contractual Provisions</u>**

Plaintiff filed the Complaint against Defendants, asserting wage claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) and alleging that Defendants jointly employed her. Before suit, Plaintiff executed the two (2) Agreements: an employment Agreement with NKI on July 1, 2014, and an employment Agreement with NKPI dated June 7, 2017. Each requires binding arbitration before a single arbitrator. Paragraph 7 of the NKI Agreement covers "any controversy, claim, or dispute" arising out of or relating to the Agreement, Plaintiff's employment, or its termination, including claims under federal, state, or local statutes. Section 11.12 of the NKPI Agreement provides that an unresolved dispute "shall be finally settled by binding arbitration" and applies to "any and all disputes arising under this Agreement," including statutory claims.

**<u>The Agreements Require Arbitration of Every Claim Asserted</u>**

The FAA codifies the "liberal federal policy favoring arbitration agreements" and requires courts to enforce arbitration agreements according to their terms. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). Courts consider whether (1) the parties agreed to arbitrate, (2) the claims fall within the agreement's scope, and (3), for federal statutory claims, Congress intended to

**Hon. Orelia E. Merchant**
August 4, 2026
Page 2

preclude arbitration. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987).[1] The relevant *Genesco* factors are satisfied. Plaintiff signed the Agreements, and each corporate defendant countersigned its respective Agreement, establishing mutual assent to arbitrate.

Both Agreements encompass the wage-and-hour claims asserted here. The NKI clause reaches any dispute relating to Plaintiff's employment or termination, expressly including federal, state, and local statutory claims. The NKPI clause reaches all disputes arising under that Agreement, including statutory claims. Broad arbitration language creates a presumption of arbitrability for claims concerning matters covered by the parties' contract. *See Salzano v. Lace Entm't, Inc.*, No. 13-CV-5600, 2014 U.S. Dist. LEXIS 98029, at *7 (S.D.N.Y. July 18, 2014). Plaintiff's FLSA and NYLL claims arise directly from the employment relationships governed by the Agreements. The claims therefore fall within the Agreements' scope. *See Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 392–93 (S.D.N.Y. 2017).

No contrary congressional command excludes these federal claims from arbitration; the Second Circuit holds that FLSA claims are arbitrable. *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123–24 (2d Cir. 2017). Courts in this District likewise compel arbitration of FLSA and NYLL claims under comparable employment agreements. *See Valdez-Mendoza v. Jovani Fashion Ltd.*, No. 15-CV-7261, 2017 U.S. Dist. LEXIS 17939, at *2–4 (E.D.N.Y. Feb. 7, 2017). Accordingly, all relevant *Genesco* factors are satisfied, and the Agreements must be enforced as written.

## Plaintiff Must Proceed in Separate, Individual Arbitrations

Neither Agreement authorizes class, collective, or representative proceedings. Arbitration is a matter of consent, and an agreement to bilateral arbitration does not establish consent to class arbitration. Because class arbitration materially changes the proceeding, a party cannot be compelled to it without an affirmative contractual basis as silence or ambiguity is insufficient. *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 185–86 (2019); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684–87 (2010). Each Agreement calls for binding arbitration before a single AAA arbitrator but says nothing about aggregate procedures. Courts therefore compel individual arbitration under employment agreements silent on class treatment. *See Lopez v. Lidl United States LLC*, No. 22-CV-4271 (ALC), 2023 U.S. Dist. LEXIS 54396, at *14 (S.D.N.Y. Mar. 29, 2023); *Thompson v. Body Sculpt Int'l, LLC*, No. 18-CV-1001-ARR-GRB, 2018 U.S. Dist. LEXIS, at *20 (E.D.N.Y. July 2, 2018). Plaintiff may arbitrate only her own claims.

The proceedings must also be separate. A court may not consolidate arbitrations arising under distinct agreements absent the parties' consent. *See Gov't of U.K. v. Boeing Co.*, 998 F.2d 68, 72–74 (2d Cir. 1993). These Agreements were executed years apart with different entities, contain different dispute-resolution language, and do not authorize consolidation. The FAA likewise does not permit the Court to substitute its own view of efficiency. The claims against NKI and NKPI therefore must proceed in separate arbitrations.

---

[1] *Genesco* also directs courts, when only some claims are arbitrable, to determine whether to stay the balance of the proceedings. 815 F.2d at 844. That fourth inquiry is unnecessary here because all claims pleaded in this action are arbitrable.

**Hon. Orelia E. Merchant**
August 4, 2026
Page 3

### Plaintiff's Joint-Employer Allegations Require Arbitration with Ms. Kashuk

Ms. Kashuk may enforce the Agreements through equitable estoppel. A signatory must arbitrate with a nonsignatory when the issues are intertwined with the signed agreement and when the parties' relationship justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 127 (2d Cir. 2010). Both requirements are met here. Plaintiff asserts materially identical FLSA and NYLL claims against Ms. Kashuk and the corporate defendants based on the same alleged joint employment and wage practices. Those claims arise from the work, compensation, recordkeeping, and payment relationships governed by the Agreements. Courts find the required intertwining where an employee asserts the same legal and factual claims against alleged joint employers. *See Catz v. Precision Glob. Consulting*, 2021 U.S. Dist. LEXIS 78626, at *30 (S.D.N.Y. Apr. 23, 2021). Plaintiff further alleges that Ms. Kashuk and the corporate defendants jointly employed her, exercised common control over her work, and committed the same wage violations. Plaintiff's own theory thus supplies the close relationship that makes arbitration foreseeable. *See Fenton v. Criterion Worldwide*, 2020 U.S. Dist. LEXIS 54403, at *13 (S.D.N.Y. Mar. 27, 2020). Plaintiff cannot rely on a unified employment relationship to impose liability on Ms. Kashuk while disaggregating that relationship to avoid arbitration. Her claims against the individual defendant must therefore be arbitrated.

### The FAA Requires a Stay of the Entire Action

Section 3 of the FAA requires a stay where the claims are referable to arbitration and a party requests one. *9 U.S.C. § 3*. The Second Circuit holds that a stay is mandatory after all claims have been referred to arbitration and a stay has been requested. *Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015). The Supreme Court has since confirmed that Section 3 leaves no discretion to dismiss an action in lieu of a requested stay. *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024). Because every claim against every Defendant is subject to arbitration and Defendants request a stay, the Court must stay the entire action pending completion of the separate arbitrations.

For these reasons, Defendants respectfully request a pre-motion conference or, if the Court determines that a conference is unnecessary, a briefing schedule for their motion to compel arbitration and stay this action.

Respectfully submitted,

/s/ Vyacheslav Kashuk
Vyacheslav Kashuk
*Attorney for Defendants*

cc: (via ECF)

Emmanuel Kataev, Esq.,

Sage Legal LLC

*Attorney for Plaintiff*