# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

August 20, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Orelia E. Merchant, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

**Re: Andreyeva v. NK Progress, Inc., *et al.***
**Case No.: 1:26-cv-541 (OEM) (VMS)**

Dear Judge Merchant:

This firm represents Plaintiff Anastasia Andreyeva (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter motion in opposition to Defendants' motion for a pre-motion conference. See ECF Docket Entry 13. Although Plaintiff does not dispute that she signed both agreements containing arbitration provisions, for the reasons set forth below, this Court must deny Defendants' anticipated motion to stay and compel arbitration.

**The Arbitration Agreements Must be Declared Unenforceable as Against Public Policy**

The agreements must each be voided as against public policy.

The first agreement requires half of the arbitration costs to be paid by plaintiff, which is unconscionable and deprives her of her day in court because she cannot afford to pay arbitration costs and fees, as the arbitrator will charge thousands of dollars. See Brady v. Williams Capital Grp., L.P., 14 N.Y.3d 459, 467 (2010); see also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92 (2000).

Here, Plaintiff cannot afford[1] to pay thousands of dollars in arbitrator and administrative fees, and requiring her to bear half of those fees would effectively preclude her from pursuing her statutory rights. See Schreiber v. K-Sea Transp. Corp., 9 N.Y.3d 331, 341 (2007) (claimant "should not be compelled to bear costs which would effectively preclude him from pursuing his claim"); Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 124–25 (2d Cir. 2010).

As to the second agreement, it does not specify how the substantial costs and fees of arbitration are to be allocated.

[1] Plaintiff recognizes that in formal motion practice, she will have to demonstrate this with admissible evidence. Plaintiff would seek an opportunity to conduct discovery on this issue in advance of any such motion practice.

Although silence alone does not render an arbitration agreement unenforceable, an agreement cannot be enforced where the claimant demonstrates that she is likely (not just speculated) to incur significant arbitrator or administrative fees that she would not incur in a judicial forum and that those costs would effectively prevent her from vindicating her rights. See Green Tree, 531 U.S. 79, 90–92 (2000); Ball v. SFX Broad., Inc., 165 F. Supp. 2d 230, 239–40 (N.D.N.Y. 2001); EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C., 448 F. Supp. 2d 458, 463–64 (E.D.N.Y. 2006) (noting that, "[t]he Ninth Circuit, in Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 894 n. 5 (9th Cir. 2002), has held that any arrangement in which the employee is required to split the arbitrator's fees renders an arbitration agreement unenforceable"); Brady, 14 N.Y.3d 459, 467–68 (2010) ("we are mindful of the strong state policy favoring arbitration agreements and the equally strong policy requiring the invalidation of such agreements when they contain terms that could preclude a litigant from vindicating his/her statutory rights in the arbitral forum. We believe that the case-by-case, fact-specific approach employed by the federal courts […], properly acknowledges and balances these competing policies") (internal citations omitted).

In this case, because the agreement contains no provision requiring Defendant to bear those costs, and Plaintiff cannot afford the thousands of dollars in arbitrator and administrative fees necessary to pursue her claims, enforcement would effectively deprive Plaintiff of a forum in which to vindicate her rights.

For the foregoing reasons, Defendant's letter motion for a pre-motion conference should be denied, and the parties should be directed to conduct discovery as to the issues set forth in Brady.

**The Court Should Issue a Mediation Referral Order**

The second agreement contains a mediation provision. Plaintiff is amenable to conducting a mediation as required by the agreement, and this Court should exercise its discretion to issue a mediation referral Order in light of Rule 1 of the Federal Rules of Civil Procedure ("Rules"), which requires that the parties and the Court construe the Rules in a manner so as to secure the just, speedy, and inexpensive resolution of every civil judicial proceeding. See Fed. R. Civ. P. 1.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
August 20, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc
*Attorneys for Plaintiff*